IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS RODRIGUEZ RAMOS, et al.,

   Plaintiff,

   v.

DEPARTMENT OF EDUCATION, et al.,

   Defendants.

CIVIL NO. 11-1653 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Before the Court is Plaintiffs' "Motion Pursuant to Federal Rules of Civil Procedure 59" (Docket No. 163) and Defendants' opposition thereto (Docket No. 166). For the reasons set forth below, Plaintiffs' Rule 59 motion is DENIED.

Plaintiffs in the case at bar, Josefina Arroyo Saurí ("Arroyo"), Luis Rodríguez Ramos ("Rodríguez"), Juan Del Valle Meléndez ("Del Valle") and Carmen Rosa García ("Rosa"), are career employees of the Puerto Rico Department of Education who claimed Defendants subjected them to short of dismissal demotions and inferior working conditions, all on the basis of their political affiliation to the Popular Democratic Party ("PDP"). By the end of discovery, the only remaining Defendants were Jesús Rivera Sánchez ("Rivera"), former Secretary of Education, and his aide, Sonia Dalila Román ("Román"), both members of the New Progressive Party ("NPP").

On September 30, 2014, this Court issued an extensive Opinion and Order disposing of this case. (Docket No. 158). The reader can refer to that Opinion for a more detailed account of the facts of this case, which span over three years, and the Court's analysis of the issues therein presented. For purposes of this motion, it suffices to say that the Court

granted summary judgment in favor of Defendants, insofar as it found that some of the claims were time-barred, and for the remaining ones, it found Plaintiffs had been unable to establish the four elements of a *prima facie* political discrimination case. Specifically, the Court found that Defendants were not aware of Plaintiffs' political affiliation and further, failed to find that an adverse employment action had occurred. In so holding, the Court necessarily concluded that Plaintiffs had also failed to establish that political affiliation was a substantial or motivating factor for the alleged adverse employment actions. The equal protections claims were dismissed as being encompassed within the First Amendment claims, and the due process claims were also dismissed because the two affected Plaintiffs held no protected property interest in their positions. The Court did not reach the issue of qualified immunity, insofar as the aforementioned analysis effectively terminated all causes of action brought in the case.

Plaintiffs now file the pending Rule 59 motion alleging the Court erred in the *prima facie* analysis, in finding that Defendants were not aware of Plaintiffs' political affiliation and that no an adverse employment action had occurred. Plaintiffs have not alleged error regarding the dismissal of the due process or the equal protection claims.

## STANDARD

Rule 59(e) allows a party, within twenty eight (28) days of the entry of judgment, to file a motion seeking to alter or to amend said judgment. While the rule itself does not specify on what grounds the relief may be granted, courts have ample discretion in deciding whether to grant or deny such a motion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir.2004). In exercising that discretion, courts must balance the need for

giving finality to judgments with the need to render a just decision. Id. (*citing* Edward H. Bolin Co. v. Banning Co., 355 F.3d 350, 355 (5th Cir.1993)).

Despite the lack of specific guidance by the rule on that point, the Court of Appeals of the First Circuit has stated that a Rule 59(e) motion may be granted if any of the following requirements are met: 1) when necessary to correct manifest errors of law or fact upon which the judgment is based; 2) to present newly discovered evidence; 3) when necessary to prevent manifest injustice; or 4) when there is an intervening change in controlling law. See FDIC v. World Univ., 978 F.2d 10 (1st Cir.1992) (*citing* FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)) and Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir.2008). Rule 59(e) motions, however, are "aimed at reconsideration, not initial consideration". Meyer, 978 F.2d at 18 (*citing* Harley Davidson Motor Co. Inc. v. Bank of New England, 897 F.2d 611, 616 (1st Cir.1990)). More importantly, the Court of Appeals of the First Circuit has "emphasized that Rule 59(e) 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" Crawford v. Clarke, 578 F.3d 39, 44 (1st Cir. 2009) (*quoting* Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). Finally, because the movant must "clearly establish" a manifest error of law or present newly discovered evidence, and thus, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied. 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2810.1 (2d ed.) (2012).

Plaintiffs' motion is grounded on a mixture of two of the elements, as they indicate a need to correct a manifest error of law and/or fact to prevent manifest injustice. (Docket No. 163, p. 3). Defendants respond stating that Plaintiffs' motion is not geared to amend or alter the judgment because of a manifest error in the law, but rather to attack this Court's reasoning. (Docket No. 166, p. 2).

## ANALYSIS

The Court gives short shrift to Plaintiffs' claims, as it finds that they have not met the high burden necessary for their motion to be granted.

Plaintiffs cite the case of García González v. Puig Morales, 761 F.3d 81 (1st Cir. 2014) to stand for the proposition that knowledge of political affiliation could be gleamed from other sources. Indeed, Plaintiffs brought precisely this same allegation before this Court; the difference between García and the present case was that evidence of those other sources was on that record. Indeed, the García record held plenty of additional evidence from which to find possible political animus that was not García's own testimony. In the case at bar, the Court only had Plaintiffs' self-serving statements to that effect.

As stated in the Opinion and Order, this court has expressly rejected the allegation that the knowledge of someone's political affiliation can be "passed" simply because it is something widely known in the workplace. Jiménez-González v. Alvarez Rubio, 683 F.Supp.2d, 177 183-84 (D.P.R. 2010). Indeed, Plaintiffs only had to present the testimony of any of those other sources they mentioned on this record, which they had ample opportunity to do, yet they failed to do so.

Luis Rodriguez Ramos, et al v. Department of Education, et al
Civil No. 11-1653 (CVR)
Opinion and Order
Page 5

      The Court must again mention that "Rule 59(e) does not provide a vehicle for a party to undo its own procedural failures", and unfortunately, this predicament is of Plaintiffs' own making. Indeed, it is possible that the depositions that Plaintiffs were not allowed to use in support of their opposition could have found better support for their arguments. See Docket No. 117. As it is, they simply did not put the Court in a position to find for them regarding the alleged knowledge of other persons. This is particularly evident when they state in their motion, regarding conversations that co-Defendant Román held with some Plaintiffs, that "[w]hat the defendant discerned from these conversations, at this stage, must be seen as the source for their knowledge of the Plaintiffs's political affiliation". (Docket No. 163, p. 5). Yet, as the record stands, Plaintiffs were unable to present ANY evidence of what the Defendants may or may not have discerned from any conversations, as an order specifically prohibited them using their depositions for failure to produce their deposition transcripts to Defendants. See Docket No. 118. Because of this procedural mishap, which Plaintiffs have only themselves to blame for, what is left on the record are Defendants' uncontested allegations that they did not know Plaintiffs' political affiliation and Plaintiffs' self serving and conclusory statements about third parties, whose knowledge is not before this Court, who may had knowledge of the alleged political animus and party affiliation. On these facts, even making all inferences in favor of Plaintiffs, the Court cannot find that Defendants knew Plaintiffs' political affiliation. This argument is therefore inapposite.

      Even if the Court were to find that the Defendants knew of Plaintiffs' political affiliation, (in spite of the fact it is uncontested, on the facts as presented on this record,

that Defendants did not), the Court also found that the third prong of the *prima facie* analysis was not met, in that no adverse employment action occurred. Plaintiffs cite to the case of Agosto de Feliciano v. Aponte-Roque, 889 F.2d 1209 (D.P.R. 1989) for examples of unreasonably working conditions lower to the norm, and then state that it described "a set of situation uncannily similar to this case." The Court cannot find that those circumstances are met here.

Initially, the Court notes that the continued validity of Agosto de Feliciano v. Aponte-Roque is questionable[1] in light of First Circuit expressions. After that holding, the First Circuit has been quite clear, however, in holding that a government employer may not reassign tasks on the basis of party affiliation, see Acosta-Orozco v. Rodríguez de Rivera, 132 F.3d 97, 103, n. 7. (1st Cir.1997), and that depriving a plaintiff of his responsibilities and leaving him without real duties constitute unreasonably inferior working conditions. See Rodríguez-Pinto v. Tirado-Delgado, 982 F.2d 34, 39-40 (1st Cir.1993).

In any event, the uncontested facts in this case, and those specifically admitted by Plaintiffs, differ greatly from those in Agosto de Feliciano v. Aponte Roque and from the two previously cited Court of Appeals cases. Indeed, Plaintiffs admitted to a variety of facts that belie their allegations that they were "stripped of functions" or that they had "few tasks assigned to them", as stated in the case of Rodríguez-García v. Miranda-Marín, 610 F.3d 756, 767 (1st Cir. 2010) which Plaintiffs rely on. At the end of the day, among others, Arroyo

---

[1] See Cabrero v. Ruiz, 826 F.Supp 591 (D.P.R. 1993) stating: "The Court is mindful that the Supreme Court's holding in Rutan may have limited the holding in Agosto-de-Feliciano and that the First Circuit Court of Appeals has acknowledged the existence of, but has not resolved, the question of what vitality Agosto-de-Feliciano continues to have. See, *e.g*., Nereida-González, 990 F.2d at 705; Rivera-Ruiz, 983 F.2d at 335 n. 1; Rodríguez-Pinto, 982 F.2d at 38 n. 5, 42 (Torruella, J. concurring and questioning the authority of Agosto-de-Feliciano )."

Luis Rodriguez Ramos, et al v. Department of Education, et al
Civil No. 11-1653 (CVR)
Opinion and Order
Page 7

and Rosa were reinstated to their previous positions. Arroyo was reinstated with some differing functions since it was a new position, and Rosa was transferred closer to home within two months after she sought the transfer. Neither of them were replaced, no reduction in salaries occurred.

Regarding Del Valle and Rodríguez, they were not career employees at the time they accepted the demotion, and therefore, they were not entitled to be reinstated to their former School Superintendent positions. The only requirement under the law when a trust employee is reinstated is he or she be reinstated to the last career position that person held *or to a similar position*, together with all classification and salary benefits that flow therefrom. (emphasis added). P.R. Laws Ann. tit. 21, § 4554; see also Román v. Delgado Altieri, 390 F.Supp.2d 94 (D.P.R. 2005). Del Valle was School Director III and was reinstated as Secondary School Director II, but with a higher salary, and Rodríguez was Elementary School Director III and was reinstated to that exact position. The Court hereby encompasses its previous, and more thorough analysis of all these claims, as discussed at Docket No. 158.

The Court of Appeals for the First Circuit has cautioned that the standard for recognizing a violation of a civil servant's freedom of association was very high because,

> if the threshold for an actionable constitutional violation were low, we believe employees would too often resort to litigation when the employer's action was actually apolitical by nature. All employees, regardless of politics, may face a variety of lesser aggravations and inconveniences in the workplace, and a common catalogue of such non-political grievances—such as feelings of insufficient autonomy, complaints about unpleasant new duties, or restricted access to the telephone—could all to easily, and incorrectly, be ascribed to partisan political motivation. Aponte-Roque, 889 F.2d at 1216-1217.

Luis Rodríguez Ramos, et al v. Department of Education, et al
Civil No. 11-1653 (CVR)
Opinion and Order
Page 8

---

While the Court is cognizant that political discrimination is an unfortunate practice that is all too common in this district, not all cases can be so classified. In the present case, the Court considered all the evidence properly presented before it in relation to the summary judgment motion, and determined that Plaintiffs failed to establish a *prima facie* case of political discrimination. And, in examining Plaintiffs' motion, it can find no errors of law or fact upon which the judgment was based and cannot find that manifest injustice will occur. Because of this, and for all the other reasons stated at Docket No. 158, the Court stands by its Opinion and Order of September 30, 2014.

## CONCLUSION

For the aforementioned reasons, Plaintiffs' "Motion Pursuant to Federal Rules of Civil Procedure 59" (Docket No. 163) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 12th day of December of 2014.

                               S/CAMILLE L. VELEZ-RIVE
                               CAMILLE L. VELEZ RIVE
                               UNITED STATES MAGISTRATE JUDGE